IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 90-75-JJF |
| | : | 91-22-JJF |
| JAMES E. McGHEE, | : | |
| Defendant. | : | |

David C. Weiss, Esquire, United States Attorney, and Edmond Falgowski, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Plaintiff.

James E. McGhee, Pro Se Defendant.

**MEMORANDUM OPINION**

April 30, 2010

Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Correct Illegal Sentence (D.I. 24 in Crim. Act. No. 90-75-JJF; D.I. 9 in Crim. Act. No. 91-22-JJF) filed by Defendant, James McGhee. For the reasons discussed, the Court will deny Defendant's Motion.

## BACKGROUND

Defendant was indicted in the District of Delaware on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). D.I. 2 in Crim. Act. No. 90-75. On March 4, 1991, Defendant pled guilty to Count II of the Indictment. Pursuant to the plea agreement, Defendant also agreed to (1) the transfer of a then-pending two count indictment against him in the Middle District of Pennsylvania, also charging him with two counts of bank robbery in violation of 18 U.S.C. § 2113(a), and (2) the entry of a guilty plea on Count I of the Transferred Indictment. D.I. 18 in Crim. Act. No. 90-75.

A second criminal action was opened for the Transferred Indictment. D.I. 1 and 2 in Crim. Act. No. 91-22. On April 8, 1991, Defendant pled guilty to Count I of the Transferred Indictment, in compliance with the terms of his previous plea agreement. On June 25, 1991, Defendant was sentenced to 240 months imprisonment on each charge to be served concurrently with three years of supervised release. D.I. 8 in Crim. Act. No. 91-22; D.I. 20 in Crim. Act. 90-75.

1

By his Motion, Defendant contends that the sentencing guidelines were incorrectly applied to him, because a conviction that was the subject of an appeal was used against him to categorize him as a "career" offender. The Government has responded to the Motion contending that Defendant's Motion is time-barred, and alternatively, Defendant is not entitled to relief on the merits.

## DISCUSSION

Federal Rule of Criminal Procedure 35(a) provides:

**Correcting Clear Error.** Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

The time limits prescribed in this rule are jurisdictional, and Defendant was sentenced more than 17 years ago. U.S. v. Washington, 549 F.3d 905, 915-916 (3d Cir. 2008). Accordingly, the Court is without jurisdiction to grant Defendant relief.

Similarly, Defendant is not entitled to relief if his Motion is construed as a habeas petition under 28 U.S.C. § 2255. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Defendant was given a one year grace period from the effective date of the Act, April 24, 1996, to file his Section 2255 claims. Burns v. Morton, 134 F.3d 109, 111-112 (3d Cir. 1998). Defendant's claims are time-barred under the AEDPA, and therefore, the Court concludes that Defendant is not entitled to relief.

## CONCLUSION

For the reasons discussed, Defendant's Motion To Correct Illegal Sentence will be denied.

An appropriate Order will be entered.