IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES EARL MCGHEE, | : | |
| | : | |
| Movant/Defendant, | : | Crim. Act. No. 90-75-LPS |
| | : | Civ. Act. No. 16-361-LPS |
| v. | : | |
| | : | Crim. Act. No. 91-2-LPS |
| | : | Civ. Act. No. 16-362-LPS |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

James Earl McGhee. *Pro se* Movant.

Alexander Ibrahim, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.

**MEMORANDUM OPINION**

May 28, 2020
Wilmington, Delaware



**STARK, U.S. District Judge:**

## I.      INTRODUCTION

James Earl McGhee ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (D.I. 36 in Crim. Act. 90-75; D.I. 21 in Crim. Act. 91-22)  The United States Government ("Respondent") filed an Answer in Opposition.  (D.I. 51 in Crim. Act. 90-75; D.I. 35 in Crim. Act. 91-22)  For the reasons discussed, the Court will deny Movant's § 2255 Motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f), without holding an evidentiary hearing.

## II.     BACKGROUND

In June 1990, Movant was indicted on two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  (D.I. 27 at 5-6 in Crim Act. 90-75)  On March 4, 1991, Movant pled guilty to Count II of the Indictment.  (D.I. 18 in Crim. Act. 90-75)  Pursuant to the plea agreement, Movant also agreed to (1) the transfer of a then-pending two count indictment against him in the Middle District of Pennsylvania, also charging him with two counts of bank robbery in violation 18 U.S.C. § 2113(a); and (2) the entry of a guilty plea on Count I of the Transferred Indictment.  (D.I. 27 at 7-8 in Crim. Act. 90-75)

A second criminal action was opened for the Transferred Indictment.  (D.I. 12 at 15-17 in Crim. Act. No. 91-22)  On April 8, 1991, Movant pled guilty to Count I of the Transferred Indictment, in compliance with the terms of his previous agreement.  (D.I. 12 at 14 in Crim. Act. No. 91-22)  On June 25, 1991, Movant was sentenced as a Career Offender under the then-mandatory Sentencing Guidelines to 240 months imprisonment on each charge, to be served concurrently, to be followed by three years of supervised release.  (D.I. 27 at 9-12 in Crim. Act. 90-75; D.I. 12 at 9-12 in Crim. Act. No. 91-22)  He had at least two prior convictions that qualified as crimes of violence under the residual clause of the Career Offender provision of the Sentencing

Guidelines § 4B1.2(a) ("U.S.S.G. § 4B1.2(a)") in effect at that time. (D.I. 51 at 1-2 in Crim. Act. No. 90-75; D.I. 35 at 1-2 in Crim. Act. No. 91-22)

In September 2009, Movant filed a Motion to Correct Sentence under Federal Rule of Criminal Procedure 35. (D.I. 24 in Crim. Act. 90-75; D.I. 9 in Crim. Act. 91-22) The Honorable Joseph J. Farnan, Jr. denied the motion as time-barred on April 30, 2010. (D.I. 28 in Crim. Act. 90-75; D.I. 13 in Crim. Act. 91-22) After noting that Movant's request could also be construed as a Motion to Vacate, Set Aside, or Correct Sentence, Judge Farnan alternatively denied the § 2255 Motion as time-barred. *Id.*

Movant filed the instant *pro se* § 2255 Motion in June 2016. (D.I. 36 in Crim. Act. 90-75; D.I. 21 in Crim. Act. 91-22) Starting in April 2017, action in this proceeding was deferred and then stayed pending decisions in Third Circuit test cases involving the mandatory Sentencing Guidelines. (D.I. Nos. 41, 42, 45, 46, 47, 48 in Crim. Act. 90-75; D.I. Nos. 25, 27, 30, 31, 32, 33 in Crim. Act. 91-22) The Court lifted the stay in October 2019. (D.I. 50 in Crim. Act. 90-75; D.I. 34 in Crim. Act. 91-22) On November 26, 2019, Respondent filed an Answer in Opposition to Movant's § 2255 Motion, arguing that the Motion should be dismissed as time-barred. (D.I. 51 in Crim. Act. 90-75; D.I. 35 in Crim. Act. 91-22)

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

In the instant § 2255 Motion, Movant asserts that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), rendered his enhanced sentence unconstitutional and illegal. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally void for vagueness. *See* 135 S. Ct. at 2557. Movant argues that *Johnson*'s ruling also invalidated the identical residual clause in the crime of violence definition in U.S.S.G. § 4B1.2(a),[1] thereby rendering his sentence illegal because he no longer qualifies as a career offender under U.S.S.G. § 4B1.2(a). Movant contends that his § 2255 Motion is timely under § 2255(f)(3) because he filed it within one year of the newly-established right recognized by the Supreme Court in its June 26, 2015 *Johnson* decision, and made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S.Ct. 1257, 1264 (2016).

Movant's § 2255(f)(3) argument is unavailing. In 2017, the Supreme Court in *Beckles v. United States* clarified that *Johnson*'s holding regarding the residual clause in the ACCA only created a right as to the ACCA, holding that "the advisory Guidelines are not subject to vagueness challenges." 137 S.Ct. 886, 890 (2017). However, the *Beckles* Court left open the question as to

---

[1] The "crime of violence" definition in the Career Offender provision of § 4B1.2(a) used to have a residual clause, which has since been removed. The residual clause existed at the time of Movant's sentencing.

3

whether defendants sentenced under the mandatory Sentencing Guidelines could challenge their sentences on vagueness grounds. *See id.* at 890, 903 n.4. Thereafter, in *United States v. Green*, 898 F.3d 315, 321-23 (3d Cir. 2018), the Third Circuit held, after discussing how *Beckles* "took no position" on "whether the mandatory Sentencing Guidelines are amenable to a vagueness challenge," that *Johnson* did not recognize a new right for prisoners who, like Movant, had been sentenced under a mandatory Guidelines regime.

*Green* is a precedential opinion binding on this Court. *See United States v. Wolfe*, 767 F. App'x 390, 391 (3d Cir. 2019) (in refusing to revisit its holding in *Green*, Third Circuit pointed out that *Green* was binding because it "has not been overruled by this Court en banc, or overruled or rejected by the Supreme Court"). Thus, the Court concludes that Movant "cannot rely on 28 U.S.C. § 2255(f)(3) to restart his applicable statute of limitations period." *Green*, 898 F.3d at 321.

Based on the foregoing, the one-year period of limitations for the instant § 2255 Motion began to run when Movant's conviction became final under § 2255(f)(1). The record clearly demonstrates that Movant filed the instant § 2255 Motion 24 years after his conviction became final. Movant does not assert, and the Court cannot discern, any reason to equitably toll the limitations period. Therefore, the Court will dismiss Movant's § 2255 Motion as time-barred.

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a)*,* 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

## V.  CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011).  A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion as time-barred, and is persuaded that reasonable jurists would not find this assessment debatable.  Therefore, the Court will not issue a certificate of appealability.

## VI.  CONCLUSION

For the foregoing reasons, the Court will dismiss as time-barred Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing.  The Court will not issue a certificate of appealability.  An appropriate Order will be entered.